[Docket No. 6]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| PHILLIP PELLA,<br><br>              Plaintiff,<br><br>    v.<br><br>ATLANTIC COUNTY DEPARTMENT OF FAMILY AND COMMUNITY DEVELOPMENT, NEW JERSEY DEPARTMENT OF HUMAN SERVICES, HELEN CHEATHAM, AUDREY ALPHAEUS, JOHN/JANE DOES 1-10<br><br>              Defendants. | Civil No. 25-13268 (RMB-EAP)<br><br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**

    **THIS MATTER** comes before the Court upon the filing of a second amended Complaint [Docket No. 32], and an application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff Phillip Pella ("Plaintiff") [Docket No. 6.] For the reasons stated herein, the Court will direct Plaintiff to submit an amended IFP application.

    In his second amended Complaint, Plaintiff conclusorily alleges that Defendants Atlantic County Department of Family and Community Development, New Jersey Department of Human Services, Helen Cheatham, Audrey Alphaeus, and John/Jane Does 1-10 violated federal law and wrongly denied him New Jersey Emergency Assistance and Supplemental Nutrition Assistance Program ("SNAP")

benefits [Docket No. 32 at 4.] Plaintiff lists the following federal statutes at issue: the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f), 3617; 42 U.S.C. § 1983; the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV; Titles II and VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a) and (d); and the Rehabilitation Act of 1973, 29 U.S.C. § 794 [*Id.* at 6.] Plaintiff also alleges general gross negligence, reckless endangerment, and willful misconduct as an additional cause of action [*Id.*] Plaintiff seeks a "[d]eclaratory judgment affirming Defendants' violations;" the instatement of retroactive benefits; actual damages in the amount of $352,936; attorney's fees; "sanctions[;] systemic reform[;] audits[;] mental health and suicide prevention training[;] public apology[;]" and a "[c]ertification of reckless disregard for heightened suicide risk and homelessness" [*Id.*]

      A non-prisoner applicant who seeks to proceed IFP must submit an affidavit that includes a complete list of the applicant's assets to establish that the applicant is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(1); *Roy v. Penn. Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (collecting cases to establish that, while § 1915 refers to "prisoners," federal courts permit non-prisoners to file IFP applications under the same statute). The decision to grant or deny an IFP application is based upon the economic eligibility of the applicant. *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

      In its current state, Plaintiff's IFP application lacks the necessary information the Court needs to determine whether he is economically eligible to proceed IFP.

While Plaintiff indicates he has previously been granted IFP status by the New Jersey Superior Court, and his sole income is through his disability benefits and other public assistance in the amount of $2,577 per month, Plaintiff does not list his current expenses or liabilities, aside from his monthly rent or home-mortgage payment of "$5,000" while also indicating that he is currently homeless [Docket No. 6 at 1-5.] Further, in his complaint, Plaintiff mentions the use and retention of a P.O. Box but failed to include any fees incurred through maintaining the box in his IFP application [Docket No. 32 at 3.]

For the Court to determine whether Plaintiff is economically eligible to proceed IFP, the Plaintiff must submit a new IFP application with greater detail. In his new application, Plaintiff must list his expenses and liabilities, including—with specificity—a breakdown of his $5,000 monthly housing costs. Without such information, the Court cannot conclude that Plaintiff is eligible to proceed IFP and must, therefore, deny his application. *See* 28 U.S.C. § 1915; *Sinwell*, 536 F.2d at 19.

The Court also cautions Plaintiff that it may dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint is vague, ambiguous, and conclusory. The Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even when applying liberal pleading standards, the Court is unable to determine a factual basis for Plaintiff's claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the Court urges Plaintiff to revise his Complaint to

allege sufficient facts for the Court to ascertain the factual basis for his claims and requested relief. Therefore, for the foregoing reasons,

**IT IS** on this **28th day of October 2025**, hereby:

**ORDERED** that Plaintiff's IFP Application [Docket No. 6] is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is directed to mail Plaintiff a copy of this Order and a blank IFP application; and it is further

**ORDERED** that Plaintiff must complete the new IFP application, in full, with necessary details and explanations and file it with the Court within thirty days of this Order; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending the receipt of Plaintiff's revised IFP application; and it is finally

**ORDERED** that, in the event Plaintiff fails to submit a new complete IFP application, the matter will be dismissed without prejudice.

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **Chief United States District Judge**